UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY CRIVELLO RUSSO,

      Plaintiff,

    -against-

LINDA HARAHAN, LISA CHUTKA, and
KARIN HANLOW,

      Defendants.
------------------------------------------------------------X

ORDER
17-CV-02256 (JFB) (AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 12 2017   ★

LONG ISLAND OFFICE

BIANCO, District Judge:

On April 10, 2017, *pro se* plaintiff Anthony Crivello Russo ("plaintiff") filed a complaint in this Court against Linda Harahan, Lisa Chutka and Karin Hanlow (collectively, "defendants"). Plaintiff did not remit the Court's $400.00 filing fee nor did he file an application to proceed *in forma pauperis* at the time he filed the complaint. Accordingly, on April 14, 2017, the Court sent plaintiff a Notice of Deficiency (the "Notice") informing plaintiff that, in order for his case to proceed, he must either remit the filing fee or complete and return the enclosed application to proceed *in forma pauperis* with fourteen (14) days from the date of the Notice. (*See* Docket Entry No. 2.) On April 26, 2017, plaintiff timely filed an application to proceed *in forma pauperis*. However, for the reasons that follow, the complaint is transferred to the United States District Court for the Southern District of New York and the determination of plaintiff's application to proceed *in forma pauperis* is reserved for the transferee court.

    Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may

1

> otherwise be brought as provided in this section, any judicial district
> in which any defendant is subject to the court's personal jurisdiction
> with respect to such action.

28 U.S.C. § 1391(b). Here, although plaintiff's claims are difficult to comprehend, it appears that the events giving rise to plaintiff's claims are alleged to have occurred in Wallkill, New York (*see* Compl., generally). Liberally construed, plaintiff appears to challenge the assessment of property taxes for property located in Wallkill, New York. Named as defendants are Linda Harahan, the Receiver of Taxes for the Town of Wallkill, and Lisa Chutka, the Assessor for the Town of Wallkill.[1] Wallkill is located in Orange County, New York and Orange County is within the Southern District of New York. *See* 28 U.S.C. § 112(b). Under 28 U.S.C. § 1391(b) (2), venue is therefore proper in the Southern District of New York.

In determining whether to transfer to another district where the action might have been brought, courts should consider: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties. *See New York Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Although a plaintiff's choice of forum generally should be disturbed only if the balance of factors weighs heavily in favor of transfer, that choice is accorded less deference where the operative facts did not occur there. *See Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

In this case, there appears to be no connection whatsoever between this lawsuit and the Eastern District of New York other than the fact that plaintiff resides in Bay Shore, New York. Instead, the events giving rise to plaintiff's claims have taken place in Orange County, New York. Thus, based on the totality of circumstances, it is in the interest of justice to transfer this action

---

[1] *See* www.townofwallkill.com (last visited June 8, 2017).

under § 1404(a) to the Southern District of New York.

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York under § 1404(a). The Court makes no determination with regard to plaintiff's *in forma pauperis* application and that motion is reserved for the transferee court. The Clerk of the Court is further directed to mail a copy of this Order to the plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Joseph F. Bianco

Joseph F. Bianco, U.S.D.J.

Dated: June 12, 2017
Central Islip, NY